THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CONNOR, Appellant.

*Receiving stolen goods — identification of the property.*

On the trial of an indictment for receiving stolen property, it was established that a burglary of a store and the larceny therefrom of cigars packed in cigar boxes were committed on a certain night, and that at about one o'clock of the same night the defendant was seen in the immediate neighborhood of the burglary (with companions who, on being approached, ran away), having a bag in his possession, and that on being accosted by one of the witnesses and asked what he had in the bag, the defendant said: "Nothing that belongs to you."

It did not appear that any one then saw the contents of the bag, but the same witness testified that he then put his hand into the bag and found that "the bag was full of cigar boxes, whatever kind of boxes you may call them, chalk boxes or any kind of boxes;" and that the defendant then said: "This is none of your stuff; don't tell the coppers."

It appeared that the defendant, on being subsequently charged with the offense, made false statements as to his whereabouts on the night in question, and on the trial testified, as a witness in his own behalf, that he did not have a bag in the neighborhood in question on that night.

*Held*, that the evidence was sufficient to justify the view that the defendant had cigar boxes in his possession.

That the evidence, in connection with the defendant's conduct, his subsequent prevarication, and all the circumstances, was sufficient to support the finding of the jury that the contents of the bag in the defendant's possession were the fruits of the burglary and larceny (VAN BRUNT, P. J., dissenting).

APPEAL by the defendant, James Connor, from a judgment of the Court of General Sessions of the Peace, held in and for the city and county of New York, rendered on the 4th day of December, 1891, and entered in the office of the clerk of that court, convicting the defendant of the crime of receiving stolen goods, knowing them to be stolen, as a second offense.

*William F. Howe*, for the appellant.

*Henry B. B. Stapler*, for the People, respondent.

FOLLETT, J.:

The defendant was charged in the indictment (1st count) with having on the 26th day of September, 1891, committed the crime of burglary in the third degree, by breaking and entering a store on the corner of Tenth avenue and West Fifteenth street, known as

No. 25 Tenth avenue, and with having (2d count) on the same date and at the same place committed the crime of grand larceny in the second degree, and also (3d count) with, at the same date and place, feloniously receiving 7,000 cigars which had been stolen at the date and place aforesaid. Each crime was charged as a second offense.

The defendant was convicted on the third count and sentenced to imprisonment in a State prison for seven years.

It was conceded on the trial that a burglary was committed by some person or persons at the date and place as charged. A witness, who was not contradicted, impeached nor discredited, testified that 7,000 cigars of the value of $216, were stolen from the building on the night in question, so it was established that a burglary and larceny had been committed. The cigars were packed in boxes, some containing fifty, and others 100 cigars. Sullivan, a watchman, and a most unwilling witness, testified, that about one o'clock in the morning of September twenty-sixth, he saw two or three men near the corner of Fifteenth street and Tenth avenue with a bag, and that he ran across the street to stop them, and they all ran away but one, who remained with the bag. He further testified that he asked the man what he had in the bag, and he replied, " Nothing that belongs to you." Thereupon he put his hand into the bag and found that it contained boxes that felt like cigar boxes, but he did not look at them. He said : " The bag was full of cigar boxes, whatever kind of boxes you may· call them, chalk boxes, or any kind of boxes." The man with the bag said to the witness : " This is none of your stuff. Don't tell the coppers." This vigilant watchman made no reply but walked away. " Copper " signifies policeman. This witness testified that he could not exactly tell whether the man with the bag was the defendant or not, but three other witnesses, Heffner, Fagan and Ryan, testified that they knew Connor, were at this corner about one o'clock of September twenty-sixth, and saw Connor with the bag, and in conversation with Sullivan.

Heffner and Fagan testified that they saw Connor drag the bag across Fifteenth street. Ryan testified that he saw Connor have the bag on his shoulder. Darrigan testified that he saw Connor about midnight on September twenty-fifth, one block away from the place of the burglary. On the fifth of October, Policeman Burleigh had a conversation with the defendant in which he said that he did not

commit the burglary, but went to his own house, 48 Tenth avenue, at about eleven o'clock in the evening and did not go out until the next morning. The defendant, testifying in his own behalf, said that he did not steal the cigars and that he did not have a bag in that street or neighborhood on the night in question. The defendant admitted that in 1876 he was convicted of burglary and was imprisoned ten months. That in October, 1887, he was convicted of grand larceny, on a plea of guilty, and was imprisoned two years.

The jury was entirely justified in disbelieving the defendant, who was self-impeached, and in believing the other witnesses. The fact that the defendant at about one o'clock on the morning of September twenty-sixth, was in the street near the scene of the burglary with companions, who escaped on being approached, and that he had in his possession a bag, was well established. It was further testified that the defendant tacitly admitted that the property in the bag was stolen. He said to Sullivan : " There is nothing in the bag that belongs to you. It is none of your stuff. Don't tell the coppers." The defendant on being charged with the offense made false statements as to his whereabouts on the night in question. That a burglary was committed was conceded. That cigars in boxes were taken from the building was established by uncontradicted evidence, and that the defendant was found in the immediate neighborhood at about one o'clock in the morning with a bag containing boxes, is established beyond question. The only weak point that is claimed exists in the evidence is, that no person saw the boxes. This is not a fatal objection. The identity of many articles can be as certainly acquired by the sense of touch as by sight. The shape, size, weight and covering of cigar boxes are matters well known to ordinary observers, and a person familiar with cigars and cigar boxes would have little difficulty in determining by the sense of touch whether they contained cigars. The remark of the witness that they might have been chalk boxes, is not entitled to much consideration, as the difference between the specific gravity of chalk and cigars is very apparent. The identification would have been more perfect had the witness seen the boxes, opened them, smelled and tasted the contents. But the evidence given was competent, relevant, and in connection with the defendant's conduct, his subse-

FIRST DEPARTMENT, MARCH TERM, 1893.

quent prevarication and all of the circumstances were sufficient to support the finding of the jury that the contents of the bag were the fruits of the burglary and larceny. Perfect identification is seldom possible of goods sold by count, weight or measure, and impossible in the case of perfect coins or bank notes. Had a bank been robbed of coin in bags, and they had been put in a sack, the testimony of a bank employee, familiar with such bags, that he handled them, but did not see them and that they were bags of coin, would be competent. It is urged that the learned recorder erred in criticising, in his charge, the manner of the witness Daniel Sullivan when on the stand. We think not, for it is clear that he was unwilling to testify to what he knew of the transaction and of the defendant's connection with it.

It is said that the recorder erred in saying to the jury that Darrigan testified that he saw the defendant near 25 Tenth avenue at one o'clock in the morning, when the fact was that he testified that he saw him about twelve o'clock. No exception was taken to this instruction nor was the attention of the court called to the misstatement of time. Other witnesses testified to seeing the defendant in the vicinity near one o'clock. The charge fairly and correctly presented the facts and laid down the rules of law applicable to them. We do not see that any error was committed on the trial, and the judgment should be affirmed.

O'BRIEN, J. :

My first impression was that there was not sufficient evidence to justify the view that defendant had cigar boxes in his possession. Without such evidence, the judgment must necessarily fall. My associates, however, have both reached a different conclusion upon this question, and with their reasoning I agree.

With this established, I think the conclusion upon the entire case reached by Mr. Justice FOLLETT is correct, and I, therefore, concur with him for affirmance.

VAN BRUNT, P. J. (dissenting) :

I cannot agree in the conclusion arrived at by Mr. Justice FOLLETT. I fail to find in the record a scintilla of evidence going to show that the defendant had in his possession at the time in ques-

·tion any property which had been stolen from anywhere, which ·seems to be necessary in order to support a conviction for the ·offense of receiving stolen goods.

It is true that the evidence shows that a burglary had been com-·mitted and that certain cigars packed in boxes had been stolen ; and that there was evidence which would justify the jury in finding that the defendant had, in the vicinity of the alleged burglary shortly after it had been committed, cigar boxes in his possession. But that these cigar boxes were any of those which had been stolen there is not a particle of evidence to prove. Without identifying the property in the hands of the alleged receiver with goods which had been stolen, it is difficult to see how he can be convicted of receiving stolen goods.

The mere fact that he acted suspiciously, and that he made a ·statement which showed that he was not particularly anxious to make the acquaintance of the police, is undoubtedly true. But even that did not make him guilty of receiving stolen goods, the proceeds ·of this burglary. As already stated, there is not a particle of evi-dence showing the identity between the goods which this man had ·and any goods which had been stolen from any place. And yet, because he acted suspiciously and did not want to have the police interview him, he is convicted of receiving stolen goods.

I do not think that there was any evidence whatever to support the conviction, and the jury should have been advised to acquit, and the judgment should be reversed and a new trial ordered.

Judgment affirmed.